**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, individually and As P/N/G of K.M. and JOHN MCLAUGHLIN And K.M. 907 Morgan Drive Yardley, PA 19067     *Plaintiffs* <br><br> v. <br><br> UNITED STATES OF AMERICA c/o United States Attorney's Office 615 Chestnut Street, Suite 1250 Philadelphia, PA 19106 <br><br> and <br><br> LOWER MAKEFIELD TOWNSHIP 1100 Edgewood Road Yardley, PA 19067 <br><br> and <br><br> CHIEF KENNETH COLUZZI, in his individual capacity Lower Makefield Police Department 1100 Edgewood Road Yardley, PA 19067 <br><br> and <br><br> JOHN DOE LOCAL POLICE OFFICER(S) 1-10 (Any individuals employed by Lower Makefield Township who participated in the execution of a warrant at 907 Morgan Drive, Yardley, PA 19067, where Plaintiffs' incident occurred.) | **COMPLAINT** <br><br> Civil Action No. |

|  | : |
| and | : |
|  | : |
|  | : |
|  | : |
| JOHN DOE DRUG ENFORCEMENT | : |
| ADMINISTRATION AGENT(S) 1-10 | : |
| (Any federal law enforcement officers | : |
| who participated in the execution of | : |
| a warrant at 907 Morgan Drive, | : |
| Yardley, PA 19067, where Plaintiffs' | : |
| incident occurred.) | : |
|  | : |
|  | : |
|  | : |
| *Defendants*. | : |

## CIVIL ACTION COMPLAINT

Plaintiffs, Robert McLaughlin, Christine McLaughlin, John McLaughlin and K.M., a minor, by and through her parents and natural guardians Robert and Christine McLaughlin ("McLaughlin family" or "Plaintiffs"),  by and through their attorneys, Fritz & Bianculli, LLC, by way of Complaint against Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, United States of America, John Doe Local Police Officer(s) 1-10, and John Doe Drug Enforcement Administration Agent(s) 1-10 (collectively "Defendants"), aver as follows:

## PRELIMINARY STATEMENT

Plaintiffs' claims arise from the unlawful, unreasonable, and unconstitutional conduct of Defendants, including the Township of Lower Makefield, its police officers, and the United States, acting through Drug Enforcement Administration ("DEA") agents. In the early morning hours of May 16, 2024, Defendants forcibly breached Plaintiffs' front door, stormed their residence with weapons drawn, and detained them at gunpoint, all while executing a warrant at the wrong address.

At no point did Defendants take reasonable steps to confirm that they were at the correct location. Instead, Plaintiffs, who were law-abiding residents asleep in their own home, were subjected to a terrifying and dangerous encounter that should never have occurred. Even after it became apparent that Defendants had targeted the wrong residence, Plaintiffs remained detained, held at gunpoint, humiliated, and placed in restraints on their front lawn.

This action seeks to hold Defendants accountable for violating Plaintiffs' constitutional rights and for the physical, as well as the severe emotional, psychological, and property-related harm caused by their reckless and unreasonable conduct.

## **PARTIES**

1.      Plaintiff, Robert McLaughlin ("Mr. McLaughlin"), is an adult individual residing at 907 Morgan Drive, Yardley, PA 19067.

2.      Plaintiff, Christine McLaughlin, is an adult individual residing at 907 Morgan Drive, Yardley, PA 19067.

3.      Plaintiff, John McLaughlin, is an adult individual residing at 907 Morgan Drive, Yardley, PA 19067.

4.      Plaintiff, K.M., is a minor individual residing at 907 Morgan Drive, Yardley, PA 19067.

5.      At all times material hereto, Plaintiffs were, and still are, citizens of the United States of America.

6.      Defendant, United States of America ("United States"), is named pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, for the negligence and wrongful acts or omissions of its employees, including agents of the United States Drug Enforcement Administration ("DEA").

7.     At all times material hereto, Defendant, United States, acted by and through its agents, servants, employees, contractors, and/or representatives, all of whom were acting within the course and scope of their employment.

8.     Defendant, Lower Makefield Township, is a municipal entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 100 Edgewood Road, Yardley, PA 19067.

9.     At all times material hereto, Defendant, Lower Makefield Township, acted by and through its agents, servants, employees, contractors, and/or representatives, all of whom were acting within the course and scope of their employment.

10.    Defendant, Chief Kenneth Coluzzi (hereinafter "Coluzzi"), is and was at all times material hereto, the Chief of Police of Lower Makefield Township, with a principal place of business at 1100 Edgewood Road, Yardley, PA  19067.

11.    At all times material hereto, Defendant, Coluzzi, acted under color of state law and within the course and scope of his employment.

12.    Defendants, John Doe Local Police Officer(s) 1-10, are fictitious persons, the real names being unknown, who, at all relevant times, were law enforcement officers employed by Lower Makefield Township.[1]

13.    At all times material hereto, Defendants, John Doe Local Police Officer(s) 1-10, acted under color of state law and within the scope of their employment.

---

[1] The identity of the "John Doe" defendants, after a reasonable and diligent search, is currently unknown to Plaintiffs. Once reasonable discovery is conducted, Plaintiffs will promptly substitute the properly identified officers and agents. *See* Blakeslee v. Clinton Cnty., 336 F. App'x 248, 250 (3d Cir. 2009).

14.     Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, are fictitious persons, the real names being unknown, who, at all relevant times, were federal law enforcement officers employed by the United States of America.

15.     At all times material hereto, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, acted under color of federal law and within the scope of their employment.

16.     At all times material hereto, all Defendants were acting under color of state and/or federal law, including the Constitution, statutes, laws, rules, regulations, customs, and usages of the Commonwealth of Pennsylvania.

17.     At all relevant times, Defendants, individually, jointly and severally, engaged in acts and omissions that deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and the laws of the United States. These acts were carried out under color of law and lacked any lawful justification or excuse, and instead constituted illegal, improper, and unreasonable conduct unrelated to any legitimate law enforcement activity.

18.     At all times relevant, each Defendant had the power and duty to intervene to prevent the violation of Plaintiffs' rights by the other Defendants but failed to do so.

## JURISDICTION AND VENUE

19.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment. This Court also has jurisdiction over Plaintiffs' claims against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671 et seq.  Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over related state claims, which form part of the same case and controversy.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within the Eastern District of Pennsylvania, including the unlawful entry into Plaintiffs' residence, their detention and the resulting injuries.

## FACTUAL BACKGROUND

21. On the evening of May 15, 2024, the McLaughlin family spent a quiet and uneventful night at home before retiring to bed.

22. In the early morning hours of May 16, 2024, at approximately 4:30 a.m., the McLaughlin family was soundly asleep in the comfort of their home when they were abruptly awoken by repeated, forceful banging on their front door.

23. Concerned for the safety of his family, Mr. McLaughlin immediately sprang out of bed, not even taking the time to get dressed, and cautiously made his way down the stairs to investigate the source.

24. As Mr. McLaughlin neared the bottom of the steps, the banging grew louder and more aggressive. Before he could determine who was outside, he heard what sounded like a large, blunt object striking the front door, making it clear to him that those on the other side were attempting to forcibly enter the home.

25. At that moment, Mr. McLaughlin was immediately overcome with fear and the realization that an intruder was attempting to break into his home. In an effort to protect his family, who were just upstairs, he repeatedly shouted towards the front door in an attempt to scare off the intruders.

26. However, Mr. McLaughlin's attempts were futile, as the forceful blows against the door continued.

27. After repeated blows of the battering ram, the McLaughlin family's front door was splintered and breached, and Mr. McLaughlin was immediately met with blinding, bright lights and assault rifles.

28. The home invaders then launched at Mr. McLaughlin, physically binding him and forcefully pulling him from his home.

29. All the while, Mr. McLaughlin was unaware who was committing the home invasion.

30. As Mr. McLaughlin was forced across the threshold of his home, several officers revealed themselves, later identified as officers of the Lower Makefield Township Police Department and agents of the DEA (collectively the "Officers"), and were adorned in full tactical gear and pointing their assault rifles directly at Mr. McLaughlin.

31. It was at this moment that Mr. McLaughlin was further ambushed by the Officers, forced into handcuffs, and physically restrained in his front yard, all while still being undressed.

32. The Officers then, at gunpoint, forced Christine, John, and K.M. out of the home, also in their pajamas and underwear, where they observed their husband and father being detained and surrounded by police.

33. Upon hearing the chaos, neighbors of the McLaughlin family were awakened and came outside, where they observed Mr. McLaughlin and his family surrounded by heavily armed law enforcement officers and detained in front of their home.

34. Mr. McLaughlin, still unaware of why he had been handcuffed and confronted with assault rifles, attempted to deescalate the situation by not only identifying himself, but also stating his address, several times.

35.     Despite being repeatedly informed of the address of the home, the Officers refused to release Mr. McLaughlin and the rest of the McLaughlin family, holding them under the threat of being shot on their front lawn.

36.     During this time, Plaintiffs were not permitted to leave the front lawn and were required to remain where they were under the apparent threat and direction of the Officers.

37.     Plaintiffs were not released from their detention until a superior arrived and admitted that the Officers executed a warrant at the wrong residence.

38.     Upon information and belief, at the time of the home invasion into the Plaintiffs' home located at 907 Morgan Drive, Yardley, PA 19067, and during Plaintiffs' detention, Lower Makefield Township Police Department and DEA agents were attempting to execute a warrant for a different individual at 905 Morgan Drive, Yardley, PA 19067.[2] Instead, they targeted the McLaughlin home.

39.     At all times material hereto, Defendants, Lower Makefield Township and the United States, were acting by and through their agents, servants, employees, and/or officers, John Doe Local Police Officer(s) 1-10 and John Doe Drug Enforcement Administration Agent(s) 1-10, all of whom were acting within the course and scope of their employment.

40.     At all times material hereto, Defendants were responsible for the planning, coordination, and execution of the warrant at issue.

41.     At all times material hereto, Defendants owed a duty to exercise reasonable care and diligence in confirming the correct location prior to executing said warrant.

---

[2] See U.S. District Court, District of New Jersey, Criminal Docket, Case # 2:24-mj-08131-JSA-3.

42. At all times material hereto, Defendants knew, or in the exercise of reasonable care should have known, that they were at the wrong residence prior to and during their home invasion into Plaintiffs' home and continued detention of Plaintiffs.

43. Despite the foregoing, Defendants carelessly, negligently, and recklessly failed to confirm the correct location and continued their raid and home invasion.

44. At all times material hereto, the conduct of Defendants was objectively unreasonable under clearly established law. No reasonable law enforcement officer could believe that forcibly entering and detaining occupants of a residence without verifying the correct address was lawful under the circumstances.

45. At all times material hereto, each of the Defendants had the power and duty to restrain and intervene to prevent the other Defendants from violating the law and the constitutional rights of Plaintiffs. Nevertheless, each Defendant failed and refused to perform that duty, failed and refused to restrain or intervene against the unlawful conduct of the other Defendants, and thereby became a party to, and/or jointly responsible, for the injuries inflicted upon the Plaintiffs, and acted in concert with one another.

46. As a direct and proximate result of the collective negligence and/or actions and omissions of Defendants, Plaintiffs were subjected to a terrifying and unnecessary intrusion, placed in imminent fear, held at gunpoint, detained, and not free to leave, while their family home was forcibly intruded upon by those acting as law enforcement and under the color of state and federal law.

47. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, the Plaintiffs were caused to suffer severe, serious and permanent injuries, including but not limited to: extreme emotional distress, fear, anxiety, embarrassment, humiliation, social

stigmatization and the associated psychological injuries related thereto, and mental anguish; Post-Traumatic Stress Disorder ("PTSD"); Other Specified Trauma and Stressor- Related Disorder; Persistent Adjustment Disorder with Mixed Anxiety and Depressed Mood; intrusive thoughts and memories; nightmares; sleep disturbances; hypervigilance; fear of being in their own home; heightened startle response; loss of a sense of safety and security; and other emotional and psychological injuries, the full extent of which have yet to be determined. Plaintiffs have in the past and will in the future continue to require psychological treatment, therapy, and possible psychiatric care; have suffered and will continue to suffer a loss of enjoyment of life and may continue to experience the effects of their trauma indefinitely, all to their loss and detriment.

48. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, the Plaintiffs were caused to sustain substantial damage to their home and personal property, including but not limited to the destruction of their front door and surrounding structural components, and incurred costs associated with the repair and restoration of the same, all to their loss and detriment.

## COUNT I: FALSE IMPRISONMENT: FEDERAL TORT CLAIMS ACT

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M. v. UNITED STATES OF AMERICA**

49. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

50. This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

51. At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

52. At all times material hereto, said employees were acting on behalf of Defendant, United States.

53. John Doe Drug Enforcement Administration Agent(s) 1-10 intentionally confined and restrained Plaintiffs against their will so as to substantially interfere with their liberty.

54. Plaintiffs were forcibly removed from their home, held at gunpoint, detained, and not free to leave their property, while Mr. McLaughlin was physically restrained in handcuffs.

55. The confinement of Plaintiffs was accomplished through physical force, threats of force, and coercion.

56. At no point during this raid did Plaintiffs consent to said confinement.

57. At all times material hereto, Plaintiffs had no reasonable means of escape from said confinement without risk of harm to themselves.

58. At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10 lacked any lawful authority, probable cause, or justification to confine Plaintiffs.

59. Despite knowing or having reason to know, that Plaintiffs were not the intended subjects of any warrant, said employees continued to confine Plaintiffs.

60. The John Doe Drug Enforcement Administration Agent(s) 1-10 knew, or should have known, that Plaintiffs were not the intended subjects of any warrant.

61. Despite this knowledge, John Doe Drug Enforcement Administration Agent(s) 1-10 continued to confine and detain Plaintiffs.

62.     Upon information and belief, John Doe Drug Enforcement Administration Agent(s) 1-10, as employees of the United States, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

63.     By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

64.     As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

### COUNT II: ASSAULT: FEDERAL TORT CLAIMS ACT

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA

65.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

66.     This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

67.     At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

68.     At all times material hereto, said employees were acting on behalf of Defendant, United States.

69.     At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10 intentionally engaged in conduct designed to place Plaintiffs in reasonable and immediate apprehension of harmful or offensive conduct and bodily harm.

70.     John Doe Drug Enforcement Administration Agent(s) 1-10 pointed loaded assault rifles directly at Plaintiffs, forcibly removed them from their home at gunpoint, and issued aggressive commands while exercising physical control over Plaintiffs.

71.     This conduct created an immediate and credible threat of serious bodily harm.

72.     Plaintiffs were placed in a reasonable and immediate fear that they would be shot or otherwise subjected to harmful and offensive conduct by John Doe Drug Enforcement Administration Agent(s) 1-10.

73.     Plaintiffs did, in fact, experience severe fear, terror and apprehension of imminent harmful and offensive contact as a result of said conduct.

74.     At all times material hereto, said employees acted intentionally, recklessly, and without lawful justification, especially while executing a warrant at the wrong residence.

75.     Upon information and belief, John Doe Drug Enforcement Administration Agent(s) 1-10, as employees of the United States, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

76.     By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

77.     As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT III: BATTERY:
## FEDERAL TORT CLAIMS ACT

### ROBERT MCLAUGHLIN v. UNITED STATES OF AMERICA

78.    Plaintiff, Robert McLaughlin, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

79.    This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

80.    At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

81.    At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10  were acting on behalf of Defendant, United States.

82.    At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10 intentionally and without lawful justification made harmful and offensive physical conduct with Plaintiff, Robert McLaughlin.

83.    John Doe Drug Enforcement Administration Agent(s) 1-10 physically seized Plaintiff, Robert McLaughlin, forcefully restrained him, and placed him in handcuffs against his will and extricated him from his home.

84.    At all times material hereto, said conduct was non-consensual, invasive, and offensive to a reasonable sense of personal dignity.

85.    John Doe Drug Enforcement Administration Agent(s) 1-10's actions were carried out through the use of physical force and coercion during the execution of a warrant at the wrong residence.

86.    Upon information and belief, John Doe Drug Enforcement Administration Agent(s) 1-10. As employees of the United States, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

87.    By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

88.    As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above.

WHEREFORE, Plaintiff, Robert McLaughlin, demands judgment in his favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

### COUNT IV: NEGLIGENCE:
### FEDERAL TORT CLAIMS ACT

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA**

89.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

90.    This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

91.    At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

92.    At all times material hereto, said employees were acting on behalf of Defendant, United States.

93.    At all times material hereto, Defendant, United States, through its agents, servants, and employees, owed a duty to Plaintiffs to exercise reasonable care in the planning and execution of the warrant at issue.

94.    At all times material hereto, Defendant, United States, through its agents, servants, and employees, owed a duty to verify the correct address of their target prior to executing a warrant.

95.    At all times material hereto, Defendant, United States, through its agents, servants, and employees, owed a duty to refrain from entering and detaining individuals at a residence for which no valid warrant existed.

96.    At all times material hereto, Defendant, United States, through its agents, servants, and employees, owed a duty to act reasonably under the circumstances and to avoid causing foreseeable harm to Plaintiffs.

97.    At all times material hereto, Defendant, United States, through its agents, servants, and employees, breached the duties owed to Plaintiffs.

98.    Upon information and belief, Defendant, United States, through its agents, servants, and employees, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

99.    In breaching these duties, Defendant, United States, through its agents, servants, and employees, was careless, negligent, and reckless in:

a.    failing to verify the correct address prior to executing a warrant;

b.    executing a warrant at the wrong residence;

c.    failing to confirm the identity of the residence prior to the forced entry;

d.    failing to take reasonable steps to ensure that the correct property was targeted;

e.    forcibly entering Plaintiffs' residence without lawful justification;

f.    detaining plaintiffs without probable cause;

g.    continuing to detain Plaintiffs after it was known or should have been known that the wrong residence had been entered;

h.    failing to cease the execution of the warrant upon realizing the error;

i.    failing to exercise reasonable care in the execution of the warrant; and

j.    otherwise acting in a careless, negligent, and reckless manner under the circumstances.

100.    By conducting themselves as set forth above, the acts and omissions of Defendant, United States, were the factual cause of and/or a substantial factor in bringing about Plaintiffs' injuries.

101.    As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

**COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: FEDERAL TORT CLAIMS ACT**

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA**

102. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

103. This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

104. At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

105. At all times material hereto, said employees were acting on behalf of Defendant, United States.

106. At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10 owed Plaintiffs a duty to exercise reasonable care in the planning and execution of the warrant and in their interactions with Plaintiffs.

107. John Doe Drug Enforcement Administration Agent(s) 1-10 breached this duty by executing a warrant at the wrong residence, forcibly entering Plaintiffs' home, and detaining Plaintiffs at gunpoint without lawful justification.

108. As a direct and foreseeable result of said negligence, Plaintiffs were placed in the zone of danger of immediate physical harm.

109. Specifically, John Doe Drug Enforcement Administration Agent(s) 1–10 pointed loaded assault rifles directly at Plaintiffs, issued aggressive commands and exercised physical control over Plaintiffs, causing Plaintiffs to reasonably believe that they were in imminent danger of being shot or otherwise seriously injured.

110. Plaintiffs experienced fear for their lives and safety as a result of said conduct.

111.    Additionally, Plaintiffs, Christine McLaughlin, John McLaughlin, and K.M., were present at the scene and directly experienced John Doe Drug Enforcement Administration Agent(s) 1-10 forcibly invade upon their home and detain their husband and father, Plaintiff, Robert McLaughlin, at gunpoint.

112.    Plaintiffs, Christine McLaughlin, John McLaughlin, and K.M., were forced to witness Robert McLaughlin being physically restrained, placed in handcuffs, and surrounded by armed law enforcement officers.

113.    Conversely, Mr. McLaughlin was rendered helpless and had no choice but to watch his family forced out of their home at gunpoint.

114.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

115.    As a direct result of witnessing these events, Plaintiffs, suffered severe emotional distress.

116.    As a further direct result of said negligence, Plaintiffs have suffered and continue to suffer emotional distress accompanied by physical manifestation, including but not limited to anxiety, insomnia, nightmares, heightened stress, and other trauma-related symptoms.

117.    The emotional distress suffered by Plaintiffs was serious, severe, and reasonably foreseeable under the circumstances.

118.    By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

119.    As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT VI: NEGLIGENT HIRING, SUPERVISION, AND RETENTION: FEDERAL TORT CLAIMS ACT

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA

120.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

121.    This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

122.    At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

123.    At all times material hereto, said employees were acting on behalf of Defendant, United States.

124.    Upon information and belief, John Doe Drug Enforcement Administration Agent(s) 1-10 failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

125.    The negligence, carelessness, and recklessness of Defendant, United States, its agents, servants, workmen, and/or employees as set forth herein was the factual cause of the unlawful entry into Plaintiffs' residence, the detention of Plaintiffs, and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and were due in no way to any negligence or carelessness on the part of Plaintiffs.

126. At all times material hereto, Defendant, United States, owed a duty to use reasonable care in the hiring, retention, training, and supervision of its police officers so as not to create an unreasonable risk of harm to others.

127. The negligence, carelessness, and recklessness of Defendant, United States, consisted of the following:

a. failing to ensure that its agents possessed the requisite knowledge, skill, and training to safely and properly execute warrants;

b. failing to adequately train its agents in the verification of target locations prior to forced entry;

c. failing to adequately train its agents in the identification of residences and occupants prior to execution of a warrant;

d. failing to properly supervise its agents during the planning and execution of the warrant at issue;

e. failing to properly assess and monitor the competency and conduct of its officers;

f. retaining agents whom it knew or should have known were unfit or posed an unreasonable risk of harm to others;

g. failing to implement and enforce adequate policies and procedures designed to prevent the execution of a warrant at the wrong residence;

h. failing to properly coordinate and supervise joint operations with local law enforcement agencies;

i. failing to intervene, correct, or discipline agents after it was known or should have been known that the wrong residence had been entered;

j. permitting agents to continue detaining Plaintiffs under circumstances creating an unreasonable risk of harm; and

k. otherwise acting in a careless, negligent, and reckless manner under the circumstances.

128. By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

129. As a direct and proximate result of Defendant, United States' conduct, Plaintiffs sustained injuries, damages, and losses more fully set forth above

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

<u>**COUNT VII: TRESPASS TO LAND:**</u>
<u>**FEDERAL TORT CLAIMS ACT**</u>

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA**

130. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

131. This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

132. At all times material hereto, Plaintiffs were the lawful owners and possessors of the property located at 907 Morgan Drive, Yardley, PA 19067.

133. At all times material hereto, Defendant, John Doe Drug Enforcement Administration Agent(s) 1-10, were employees of the United States acting within the course and scope of their employment.

134. At all times material hereto, said employees were acting on behalf of Defendant, United States.

135. On or about May 16, 2024, John Doe Drug Enforcement Administration Agent(s) 1-10 intentionally entered upon Plaintiffs' property, including the interior of Plaintiffs' residence.

136. Said entry was without lawful justification, as the John Doe Drug Enforcement Administration Agent(s) 1-10 lacked a valid warrant for Plaintiffs' residence or for Plaintiffs.

137. At all times material hereto, John Doe Drug Enforcement Administration Agent(s) 1-10 failed to take reasonable steps to verify that they were at the correct location prior to executing the warrant.

138. At no time did Plaintiffs consent to Defendants' entry upon their property.

139. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

140. By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

141. As a direct and proximate result of the aforesaid conduct, Plaintiffs sustained damages, including but not limited to physical damage to their property, loss of use and enjoyment of their home, emotional distress, and other damages as set forth more fully above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT VIII: INVASION OF PRIVACY: INTRUSION UPON SECLUSION
## FEDERAL TORT CLAIMS ACT

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. UNITED STATES OF AMERICA**

142. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

143. This is a civil action brought pursuant to the Federal Tort Claims Act for the negligent and wrongful acts and omissions of employees of the United States acting within the scope of their employment.

144.    At all times material hereto, the John Doe Drug Enforcement Administration Agent(s) 1-10 were employees of the United States acting within the course and scope of their employment.

145.    At all times material hereto, said employees were acting on behalf of Defendant, United States.

146.    At all times material hereto, Plaintiffs were lawfully present within the privacy and seclusion of their home located at 907 Morgan Drive, Yardley PA 19067.

147.    On or about May 16, 2024, said agents intentionally intruded upon Plaintiffs' solitude and seclusion by forcibly entering Plaintiffs' residence in the early morning hours without lawful justification and without verifying that they were at the correct location.

148.    Said intrusion included the forcible breach of Plaintiffs' front door, entry into the interior of Plaintiffs' home, and the detention of Plaintiffs within their residence.

149.    The intrusion upon Plaintiffs' home and private affairs was substantial and would be highly offensive to a reasonable person.

150.    Upon information and belief, John Doe Drug Enforcement Administration Agent(s) 1-10, as employees of the United States, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

151.    By reason of the foregoing, and pursuant to the Federal Tort Claims Act, Defendant United States, is liable for the acts and omissions of its employees.

152.    As a direct and proximate result of the aforesaid conduct, Plaintiffs sustained damages, including but not limited to emotional distress, humiliation, loss of privacy, and other damages as set forth more fully above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, United States, in an amount to be determined at trial, including interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

**COUNT IX: 42 U.S.C. § 1983**
**UNREASONABLE SEARCH/ UNLAWFUL ENTRY**

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP, CHIEF KENNETH COLUZZI, and JOHN DOE LOCAL POLICE OFFICER(S) 1-10**

153.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

154.    This is a civil action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

155.    At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, were acting under color of state law and within the course of their employment, while performing police functions.

156.    At all times material hereto, Defendant, Chief Kenneth Coluzzi, directed, authorized, and/or had actual knowledge of and accepted the actions of the Defendant Officers, including the home invasion into Plaintiffs' house.

157.    At all times material hereto, Plaintiffs were lawfully present within their residence located at 907 Morgan Drive, Yardley, PA 19067.

158.    At all times material hereto, Plaintiffs had a reasonable expectation of privacy in their home, which is afforded the highest level of protection under the Fourth Amendment to the United States Constitution.

159. At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, forcibly invaded and entered Plaintiffs' home by breaking down the door in the early morning hours.

160. At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, lacked a valid warrant authorizing entry into Plaintiffs' residence and lacked probable cause to enter said residence.

161. Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, knew, or in the exercise of reasonable care, should have known that they were breaching the wrong residence.

162. Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, failed to take reasonable steps to verify the correct location prior to forcibly intruding upon Plaintiff's home.

163. Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10's, invasion into Plaintiffs' residence was unreasonable, unlawful, and in violation of the Fourth Amendment.

164. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

165. In committing the foregoing acts, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, acted intentionally, recklessly, and with deliberate indifference to Plaintiffs' constitutional rights.

166. By reason of the foregoing, and pursuant to 42 U.S.C. § 1983, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, acting

under the color of state law, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States.

167.    As a direct and proximate result of the acts and omissions of Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, Plaintiffs were subjected to an unlawful entry of their home and suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive and exemplary damages as provided by law, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just and proper.

**COUNT X: 42 U.S.C. § 1983:**
**UNREASONABLE SEIZURE/ UNLAWFUL DETENTION**

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP, CHIEF KENNETH COLUZZI, and JOHN DOE LOCAL POLICE OFFICER(S) 1-10**

168.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

169.    This is a civil action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

170.    At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, were acting under color of state law and within the course of their employment, while performing police functions.

171. At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, intentionally seized and detained Plaintiffs.

172. At all times material hereto, Plaintiffs were forcibly removed from their home, held at gunpoint, and not free to leave their property, while Mr. McLaughlin was physically binding by handcuffs.

173. At all times material hereto, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, lacked probable cause, reasonable suspicion, or any lawful justification to detain Plaintiffs.

174. Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, knew or, in the exercise of reasonable care should have known, that Plaintiffs were not the intended subjects of any warrant.

175. Despite this knowledge, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, continued to detain Plaintiffs.

176. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

177. At all times material hereto, Defendant, Chief Kenneth Coluzzi, directed, authorized, and/or had actual knowledge of and accepted the actions of the Defendant Officers, including their unlawful detention of Plaintiffs.

178. At all times material hereto, the detention of Plaintiffs was unreasonable, unlawful, and in violation of the Fourth Amendment.

179.    In committing the foregoing acts, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, acted intentionally, recklessly, and with deliberate indifference to Plaintiffs' constitutional rights.

180.    By reason of the foregoing, and pursuant to 42 U.S.C. § 1983, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, acting under the color of state law, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States.

181.    As a direct and proximate result of the acts and omissions of Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, Plaintiffs were subjected to an unlawful entry of their home and suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive and exemplary damages as provided by law, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just and proper.

### COUNT XI: 42 U.S.C. § 1983: MUNICIPAL VIOLATIONS

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP

182.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

183.    This is a civil action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

184.    Upon information and belief, the constitutional violations suffered by Plaintiffs were not the result of mere inadvertence or isolated negligence, but rather, they were the foreseeable consequence of longstanding deficiencies in the training, supervision, planning, coordination, and operational procedures governing the execution of residential warrants and tactical entries.

185.    Upon information and belief, Defendant, Lower Makefield Township, failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

186.    At all times material hereto, Defendant, Lower Makefield Township, was responsible for the training, supervision, discipline, and conduct of its police officers, including John Doe Local Police Officer(s) 1-10.

187.    At all times material hereto, Defendant, Lower Makefield Township, maintained policies, practices, customs, and/or procedures governing the execution of warrants and the detention of individuals.

188.    At all times material hereto, Defendant, Lower Makefield Township, owed a duty to properly train, supervise, and discipline its officers to ensure that constitutional rights, including the right to be free from unreasonable search and seizures, were not violated.

189.    Defendant, Lower Makefield Township, failed to adopt, implement, and/or enforce adequate policies, practices, and procedures to ensure that officers properly verified the correct location prior to executing a warrant.

190.    Defendant, Lower Makefield Township, failed to adequately train and supervise its officers in the proper execution of warrants, including confirming the correct address and identity of the residence prior to forced entry.

191.    Defendant, Lower Makefield Township, failed to adequately train and supervise its officers in the proper procedures to follow upon learning that a warrant was being executed at the wrong location, including immediately ceasing the detention of innocent individuals.

192.    Defendant, Lower Makefield Township, failed to implement and enforce specific training protocols requiring officers to verify the correct address through independent means prior to executing a warrant, including cross-checking identifying features of the property or looking at the mailbox.

193.    At all times material hereto, Defendant, Lower Makefield Township, knew or should have known that its officers would be required to execute warrants and detain individuals, and that the failure to properly train and supervise its officers in these duties would result in the violation of individuals' constitutional rights, such as Plaintiffs'.

194.    These policies, customs, and/or failures to train and supervise were the moving force behind the constitutional violations suffered by Plaintiffs.

195.    The need for proper training, supervision, and policies regarding the execution of warrants and detention of individuals was obvious, and the failure to provide such training and supervision created a highly predictable risk of constitutional violations.

196.    Defendant, Lower Makefield Township's, failure to train, supervise, and implement proper policies amounted to deliberate indifference to the rights of individuals, including Plaintiffs.

197.    As a direct and proximate result of Defendant, Lower Makefield Township's, policies, practices, customs, and/or deliberate indifference, Plaintiffs were subjected to an unlawful entry into their home and unlawful detention, in violation of their Fourth Amendment rights.

198.    By reason of the foregoing, and pursuant to 42 U.S.C. § 1983, Defendant, Lower Makefield Township, acting under the color of state law, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States.

199.    As a direct and proximate result of Defendant, Lower Makefield Township's, acts and omissions, Plaintiffs suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Lower Makefield Township, pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial, including interest, delay damages, cost of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT XII: VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP, CHIEF KENNETH COLUZZI, and JOHN DOE LOCAL POLICE OFFICER(S) 1-10**

200.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

201.    The McLaughlin family's treatment was without provocation and unreasonable, and was the direct result of the Defendant, Lower Makefield Township's, customs, policies and practices regarding their law enforcement officers, including Defendants, John Doe Local Police Officer(s) 1-10.

202.    Defendants, Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, applied excessive and unreasonable force against Plaintiffs despite Plaintiffs posing no threat, offering no resistance, and committing no unlawful act.

203.    Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, forcibly breached Plaintiffs' residence in the early hours, broke their front door down, entered the home with assault rifles drawn, physically restrained Mr. McLaughlin in handcuffs, and detained Plaintiffs at gunpoint, despite lacking lawful authority to enter to do so, and despite knowing, or having reason to know, that Plaintiffs and/or Plaintiffs' residence were not the intended targets of the warrant being executed.

204.    Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10's, actions constituted unreasonable searches and seizures in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

205.    Such actions were improper, gratuitous, illegal, reckless, and unrelated to any legitimate law enforcement objective or lawful police activity.

206.    Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, had a duty to not subject Plaintiffs to unlawful searches, unlawful seizures, unlawful detention, and unconstitutional intrusions into the sanctity of Plaintiffs' home, and not to deprive Plaintiffs of their constitutional right to be secure in their persons and property against unreasonable searches and seizures.

207.    As a direct and proximate result of the acts and omissions, systematic flaws, policies, and customs of Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, Plaintiffs were deprived of rights, privileges, and

immunities secured by the Fourth Amendment to the United States Constitution, and suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township, Chief Kenneth Coluzzi, and John Doe Local Police Officer(s) 1-10, pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive and exemplary damages as provided by law, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as this Honorable Court deems just and proper

### COUNT XIII: VIOLATION OF THE FOURTH AMENDMENT: UNREASONABLE SEARCH AND SEIZURE- BIVENS CLAIM

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. JOHN DOE DRUG ENFORCEMENT ADMINISTRATION AGENT(S) 1-10**

208.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

209.    This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

210.    Plaintiffs' claims arise in a context previously recognized by the United States Supreme Court as cognizable under *Bivens*, specifically involving a warrantless search and seizure in violation of the Fourth Amendment.

211.    At all times material hereto, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, were federal agents acting under color of federal law and within the course and scope of their employment.

212.    At all times material hereto, Plaintiffs were lawfully present within their residence located at 907 Morgan Drive, Yardley, PA  19067.

213. At all times material hereto, Plaintiffs had a reasonable expectation of privacy in their home, which is afforded the highest level of protection under the Fourth Amendment to the United States Constitution.

214. Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, forcibly breached and entered Plaintiffs' home by breaking down the front door in the early morning hours.

215. At all times material hereto, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, lacked a valid warrant authorizing entry into Plaintiffs' residence and lacked probable cause to enter said residence.

216. Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, knew or, in the exercise of reasonable care, should have known that they were entering the wrong residence.

217. Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, failed to take reasonable steps to verify the correct location prior to forcibly entering Plaintiffs' home.

218. Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, seized and detained Plaintiffs by forcibly removing them from their home, holding them at gunpoint, placing Mr. McLaughlin in handcuffs, and preventing Plaintiffs from leaving their property.

219. At all times material hereto, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, lacked probable cause, reasonable suspicion, or any lawful justification to detain Plaintiffs.

220. At all times material hereto, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, knew or, in the exercise of reasonable care should have known, that Plaintiffs were not the intended subjects of any warrant.

221. Despite this knowledge, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, continued to detain Plaintiffs.

222. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

223. Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10's, entry into Plaintiffs' residence and detention of Plaintiffs were unreasonable, unlawful, and in violation of the Fourth Amendment.

224. The conduct of Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, violated clearly established constitutional rights of which a reasonable officer would have known.

225. In committing the foregoing acts, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, acted intentionally, recklessly, and with deliberate indifference to Plaintiffs' constitutional rights.

226. By reason of the foregoing, Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution of the United States.

227. As a direct and proximate result of the acts and omissions of Defendants, John Doe Drug Enforcement Administration Agent(s) 1-10, Plaintiffs suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, John Doe Drug Enforcement Administration Agent(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive and exemplary damages as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XIV: FALSE IMPRISONMENT:

## ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

228.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

229.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, intentionally confined and restrained Plaintiffs against their will so as to substantially interfere with their liberty.

230.    At all times material hereto, Plaintiffs were forcibly removed from their home, held at gunpoint, detained, and not free to leave their property, while Mr. McLaughlin was physically restrained in handcuffs.

231.    At all times material hereto, said confinement was accomplished through physical force, threats of force, and coercion.

232.    At all times material hereto, Plaintiffs did not consent to said confinement.

233.    At all times material hereto, Plaintiffs had no reasonable means of escape from said confinement without risk of harm to themselves.

234.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, lacked any lawful authority, probable cause, or justification to confine Plaintiffs.

235.    Despite knowing or having reason to know, that Plaintiffs were not the intended subjects of any warrant, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, continued to confine Plaintiffs.

236. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

237. As a direct and proximate result of the acts and omissions of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, Plaintiffs were unlawfully confined and deprived of their liberty.

238. By reason of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, conduct, Plaintiffs suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XV: ASSAULT:

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

239. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

240. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, intentionally engaged in conduct designed to place Plaintiffs in reasonable and immediate apprehension of harmful or offensive conduct.

241. Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, pointed loaded assault rifles directly at Plaintiffs, forcibly removed them from their home, and issued aggressive commands while exercising physical control over Plaintiffs.

242.    Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, conduct created an immediate and credible threat of serious bodily harm.

243.    Plaintiffs were placed in a reasonable and immediate fear that they would be shot or otherwise subjected to harmful and offensive conduct.

244.    Plaintiffs, did in fact, experience severe fear, terror and apprehension of imminent harmful and offensive contact as a result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, conduct.

245.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

246.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, acted intentionally, recklessly, and without lawful justification, including while executing a warrant at the wrong residence.

247.    As a direct and proximate result of the acts and omissions of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, Plaintiffs suffered the damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XVI: BATTERY:

## ROBERT MCLAUGHLIN v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

248.    Plaintiff, Robert McLaughlin, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

249.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, intentionally and without lawful justification made harmful and offensive physical conduct with Plaintiff, Robert McLaughlin.

250.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, physically seized Plaintiff, Robert McLaughlin, forcefully restrained him, and placed him in handcuffs against his will.

251.    At all times material hereto, said conduct was non-consensual, invasive, and offensive to a reasonable sense of personal dignity.

252.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, actions were carried out through the use of physical force and coercion, including while executing a warrant at the wrong residence.

253.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

254.    As a direct and proximate result of the acts and omissions of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, Plaintiff, Robert McLaughlin suffered the damages set forth above.

WHEREFORE, Plaintiff, Robert McLaughlin, demands judgment in his favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount

to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XVII: NEGLIGENCE:

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

255. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

256. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed a duty to Plaintiffs to exercise reasonable care in the planning and execution of the warrant at issue.

257. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed a duty to verify the correct address prior to executing a warrant.

258. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed a duty to refrain from entering and detaining individuals at a residence for which no valid warrant existed.

259. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed a duty to properly identify the intended location prior to forcibly entering a residence.

260. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed a duty to act reasonably under the circumstances and to avoid causing foreseeable harm to Plaintiffs.

261.    Said duties arose from Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, undertaking of law enforcement activities and their obligation to act reasonably under the circumstances to avoid foreseeable harm to innocent individuals.

262.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

263.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, breached the duties owed to Plaintiffs.

264.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

265.    In breaching these duties, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, were careless, negligent, and reckless in:

a.    failing to verify the correct address prior to executing a warrant;

b.    executing a warrant at the wrong residence;

c.    failing to confirm the identity of the residence prior to the forced entry;

d.    failing to take reasonable steps to ensure that the correct property was targeted;

e.    forcibly entering Plaintiffs' residence without lawful justification;

f.    detaining Plaintiffs without probable cause;

g.    continuing to detain Plaintiffs after it was known or should have been known that the wrong residence had been entered;

h.    failing to cease the execution of the warrant upon realizing the error;

i.    failing to exercise reasonable care in the execution of the warrant; and

j. otherwise acting in a careless, negligent, and reckless manner under the circumstances.

266. By conducting themselves as set forth above, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, acts and omissions were the factual cause of and/or a substantial factor in bringing about Plaintiffs' injuries.

267. As a direct and proximate cause of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, negligence, Plaintiffs sustained injuries, damages, and losses more fully set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XVIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

268. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

269. At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, owed Plaintiffs a duty to exercise reasonable care in the planning and execution of the warrant and in their interactions with Plaintiffs.

270. Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, breached this duty by executing a warrant at the wrong residence, forcibly entering Plaintiffs' home, and detaining Plaintiffs at gunpoint without lawful justification.

271.   As a direct and foreseeable result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, negligent conduct, Plaintiffs were placed in the zone of danger of immediate physical harm.

272.   Specifically, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, pointed loaded assault rifles directly at Plaintiffs, issued aggressive commands and exercised physical control over Plaintiffs, causing Plaintiffs to reasonably believe that they were in imminent danger of being shot or otherwise seriously injured.

273.   Plaintiffs experienced fear for their lives and safety as a result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, negligent conduct.

274.   Additionally, Plaintiffs, Christine McLaughlin, John McLaughlin, and K.M., were present at the scene and directly observed Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, forcibly enter their home and detain their husband and father, Plaintiff, Robert McLaughlin, at gunpoint.

275.   Plaintiffs, Christine McLaughlin, John McLaughlin, and K.M., observed Robert McLaughlin being physically restrained, placed in handcuffs, and surrounded by armed law enforcement officers.

276.   Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

277.   As a direct result of witnessing these events, Plaintiffs, Christine McLaughlin, John McLaughlin, and K.M., suffered severe emotional distress.

278.   As a further direct result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, conduct, Plaintiffs have suffered and continue to suffer emotional

distress accompanied by physical manifestation, including but not limited to anxiety, insomnia, nightmares, heightened stress, and other trauma-related symptoms.

279.   The emotional distress suffered by Plaintiffs was serious, severe, and reasonably foreseeable under the circumstances.

280.   As a direct and proximate result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, negligence, Plaintiffs sustained the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

### COUNT XIX: NEGLIGENT HIRING, SUPERVISION, AND RETENTION:

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP**

281.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

282.   The negligence, carelessness, and recklessness of Defendant, Lower Makefield Township, its agents, servants, workmen, and/or employees as set forth herein was the factual cause of the unlawful entry into Plaintiffs' residence, the detention of Plaintiffs, and the injuries and damages sustained by Plaintiffs, which were directly and proximately caused thereby and were due in no way to any negligence or carelessness on the part of Plaintiffs.

283.   Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

284.    At all times material hereto, Defendant, Lower Makefield Township, owed a duty to use reasonable care in the hiring, retention, training, and supervision of its police officers so as not to create an unreasonable risk of harm to others.

285.    The negligence, carelessness, and recklessness of Defendant, Lower Makefield Township, consisted of the following:

    a.    failing to ensure that its officers possessed the requisite knowledge, skill, and training to safely and properly execute warrants;

    b.    failing to adequately train its officers in the verification of target locations prior to forced entry;

    c.    failing to adequately train its officers in the identification of residences and occupants prior to execution of a warrant;

    d.    failing to properly supervise its officers during the planning and execution of the warrant at issue;

    e.    failing to properly assess and monitor the competency and conduct of its officers;

    f.    retaining officers whom it knew or should have known were unfit or posed an unreasonable risk of harm to others;

    g.    failing to implement and enforce adequate policies and procedures designed to prevent the execution of a warrant at the wrong residence;

    h.    failing to properly coordinate and supervise joint operations with federal law enforcement agencies;

    i.    failing to intervene, correct, or discipline officers after it was known or should have been known that the wrong residence had been entered;

    j.    permitting officers to continue detaining Plaintiffs under circumstances creating an unreasonable risk of harm; and

    k.    otherwise acting in a careless, negligent, and reckless manner under the circumstances.

286.    As a direct and proximate result of the aforesaid, Plaintiffs suffered the injuries and damages set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

## COUNT XX: TRESPASS TO LAND:

### ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP, CHIEF KENNETH COLUZZI and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10

287.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

288.    At all times material hereto, Plaintiffs were the lawful owners and possessors of the property located at 907 Morgan Drive, Yardley, PA 19067.

289.    On or about May 16, 2024, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, intentionally invaded upon Plaintiffs' property, including the interior of Plaintiffs' residence.

290.    Said invasion was without lawful justification, as Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, lacked a valid warrant for Plaintiffs' residence or for Plaintiffs

291.    At all times material hereto, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, failed to take reasonable steps to verify that they were at the correct location prior to their breach.

292.    At no time did Plaintiffs consent to Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, invasion upon their Property.

293.    Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

294.    Upon information and belief, Defendant, Chief Kenneth Coluzzi, had supervisory authority over Defendants, John Doe Local Police Officer(s) 1-10, who executed the operation, participated in and/or approved the planning and execution of the operation, and failed to take reasonable steps to prevent the unlawful entry onto Plaintiffs' property.

295.    As a direct and proximate result of the aforesaid conduct, Plaintiffs sustained damages, including but not limited to physical damage to their property, loss of use and enjoyment of their home, emotional distress, and other damages as set forth more fully above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

### COUNT XXI: INVASION OF PRIVACY: INTRUSION UPON SECLUSION

**ROBERT MCLAUGHLIN, CHRISTINE MCLAUGHLIN, JOHN MCLAUGHLIN AND K.M v. LOWER MAKEFIELD TOWNSHIP and JOHN DOE LOCAL POLICE OFFICERS(S) 1-10**

296.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

297.    At all times material hereto, Plaintiffs were lawfully present within the privacy and seclusion of their home located at 907 Morgan Drive, Yardley, PA 19067.

298.    On or about May 16, 2024, Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, intentionally intruded upon Plaintiffs' solitude and seclusion by

forcibly invading upon Plaintiffs' residence in the early morning without lawful justification and without verifying that they were at the correct location.

299. Said intrusion included the forcible breach of Plaintiffs' front door in the early morning hours while they were asleep, the intrusion into the interior of Plaintiffs' home, and the detention of Plaintiffs within their own Property.

300. The intrusion upon Plaintiffs' home and private affairs was substantial and would be highly offensive to a reasonable person.

301. Upon information and belief, Defendants failed to follow established policies and procedures, as well as governing statutes, in executing their actions under the province of law enforcement.

302. As a direct and proximate result of Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10's, conduct, Plaintiffs suffered damages, including but not limited to emotional distress, humiliation, loss of privacy, and other damages as set forth more fully above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Lower Makefield Township and John Doe Local Police Officer(s) 1-10, in an amount to be determined at trial, including interest, delay damages, cost of suit, punitive as provided by law, and such other relief as this Honorable Court deems just and proper.

<u>**COUNT XXII: LOSS OF CONSORTIUM:**</u>

**ROBERT MCLAUGHLIN v. ALL DEFENDANTS**

303. Plaintiff, Robert McLaughlin, incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

304.   At all times material hereto, Plaintiff, Robert McLaughlin, was the lawful spouse of Plaintiff, Christine McLaughlin.

305.   As a direct and proximate result of the acts and omissions of Defendants, and the injuries sustained by Plaintiff, Christine McLaughlin, Plaintiff, Robert McLaughlin, has suffered and will continue to suffer the loss of the assistance, companionship, comfort, consortium, affection, services, and society of his spouse, all to his great loss and detriment.

306.   Plaintiff, Robert McLaughlin, has suffered damages as a direct and proximate result of Defendant's conduct.

WHEREFORE, Plaintiff, Robert McLaughlin, demands judgment in his favor and against Defendants, jointly and severally, in an amount to be determined at trial, including for compensatory damages, delay damages, interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT XXIII: LOSS OF CONSORTIUM:

### CHRISTINE MCLAUGHLIN v. ALL DEFENDANTS

307.   Plaintiff, Christine McLaughlin, incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

308.   At all times material hereto, Plaintiff, Christine McLaughlin, was the lawful spouse of Plaintiff, Robert McLaughlin.

309.   As a direct and proximate result of the acts and omissions of Defendants, and the injuries sustained by Plaintiff, Robert McLaughlin, Plaintiff, Christine McLaughlin, has suffered and will continue to suffer the loss of the assistance, companionship, comfort, consortium, affection, services, and society of her spouse, all to her great loss and detriment.

310.    Plaintiff, Christine McLaughlin, has suffered damages as a direct and proximate result of Defendant's conduct.

WHEREFORE, Plaintiff, Christine McLaughlin, demands judgment in her favor and against Defendants, jointly and severally, in an amount to be determined at trial, including for compensatory damages, delay damages, interest, cost of suit, and such other relief as this Honorable Court deems just and proper.

**FRITZ & BIANCULLI, LLC**

By:  _s/Brian E. Fritz_

BRIAN E. FRITZ, ESQUIRE
KRISTY E. FISCHER, ESQUIRE
22 E. Wolf Street, Unit 2B
Philadelphia, PA 19148
(215) 458-2222
PA ID# 84044/93653
*Attorneys for Plaintiffs*

Dated: May 13, 2026